PER CURIAM.
Appellants, Wanda and Eric Teat, appeal a final order in which the trial court found that they did not possess riparian rights and denied appellants’ claims for damages and injunctive relief for negligence, trespass, and inverse condemnation. Because we find that appellants did possess riparian rights, we reverse.
Appellants live along the banks of Huckleberry Creek, a tidal and navigable waterway, and their deed conveys land that runs to the bank of this creek. The trial court held that, under Axline v. Shaw, 35 Fla. 305, 17 So. 411 (1895), appellants did not possess riparian rights because their property was bounded by land, *414 not water. The issue in Axline was whether a boundary upon the shore of a lake was the equivalent to a boundary upon the lake itself. The court defined “shore” as the area of land that falls between the ordinary low and high water lines. At that time, the State of Florida held title to the submerged lands of navigable waters up to the low water line. Currently, the State’s ownership extends up to the ordinary high water mark of navigable waterways, and an individual must own property down to the ordinary high water mark in order to possess riparian rights. See §§ 253.12, 253.1221, and 253.141, Florida Statutes (1997).
We hold that, under the definition of “shore” in Axline, property that extends to the shore extends to the ordinary high water mark, and riparian rights are attached to that property. Under the facts of this case, the banks of Huckleberry Creek are the equivalent of a shore. Therefore, appellants do possess riparian rights.
Because the trial court addressed the issue of damages with the understanding that appellants did not possess riparian rights, we REVERSE and REMAND this case to the trial court to determine whether there was a taking of or damage to appellants’ riparian rights, and, if so, what damages or other relief is appropriate based on the evidence adduced at trial. On all other grounds, we AFFIRM.
BOOTH, MINER and VAN NORTWICK, JJ., CONCUR.